# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56369-0-II |
| Respondent, | |
| v. | |
| KERRANCE C. BURDEN, JR., | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Kerrance C. Burden, Jr. appeals his unlawful possession of a firearm in the first degree conviction. He contends sufficient evidence does not support his conviction because the State failed to show he possessed a firearm. We affirm his conviction.

## FACTS

Burden posted a video on Snapchat. In the video, Burden is sitting on a couch, smoking marijuana, and listening to music. He holds up a handgun, points the gun at the camera, and simulates firing it. He coincides his pretending to fire the gun with the sounds of gunfire from the music. Burden continues to record himself smoking marijuana and then pans to the handgun sitting on the couch's armrest next to him. The video lasts approximately 20 seconds.

At the time he made the video, Burden was in a relationship with Autumn Kilfoyle-Sciarini. Kilfoyle-Sciarini has two children with Austin Nelson. Nelson saw the video on Snapchat and contacted the police because he was concerned for his children's safety.

Police investigated the incident and learned Burden was prohibited from possessing a firearm based on a prior serious offense conviction. The State charged Burden with unlawful possession of a firearm in the first degree.

At trial, Kitsap County Sheriff's Office Deputy Andrew Hren testified. He testified that after viewing the Snapchat video, and determining that the handgun was real and that Burden was prohibited from possessing a firearm, officers obtained an arrest warrant for Burden and a search warrant for Kilfoyle-Sciarini's home where officers believed Burden lived.

After arriving at the home, officers announced that they had a warrant and asked all occupants to come out. Burden and Kilfoyle-Sciarini came out. There were no other individuals in the home.

On a night stand in the master bedroom, officers found a wallet with Burden's driver's license inside. The address on the license was different than the home's address. Also in the master bedroom, officers found the same handgun from the Snapchat video on a shelf in the closet. The gun was loaded. Hren tested the gun and it was fully functional.

Burden stipulated that he had a prior conviction and was not allowed to possess a firearm. The jury found Burden guilty as charged.

Burden appeals.

ANALYSIS

Burden contends that sufficient evidence does not support his conviction for unlawful possession of a firearm in the first degree. He argues that the State failed to show he had actual or constructive possession of a firearm. We disagree.

The test for determining sufficiency of evidence is whether any rational trier of fact could find all the elements of the charged crime beyond a reasonable doubt after viewing the evidence

in a light most favorable to the State. *State v. Dreewes*, 192 Wn.2d 812, 821, 432 P.3d 795 (2019). In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265-66, 401 P.3d 19 (2017).

To convict Burden of unlawful possession of a firearm in the first degree, the State had to prove that he possessed or had control over a firearm after having previously been convicted of a serious offense. RCW 9.41.040(1)(a). Burden does not dispute that he has been previously convicted of a serious offense.

Possession may be actual or constructive. *State v. Chouinard*, 169 Wn. App. 895, 899, 282 P.3d 117 (2012). Actual possession requires physical custody of the item. *State v. Reichert*, 158 Wn. App. 374, 390, 242 P.3d 44 (2010). Constructive possession occurs when a person has dominion and control over an item. *Id*. Whether sufficient evidence establishes that a defendant had dominion and control over an item depends on the totality of the circumstances. *State v. Lakotiy*, 151 Wn. App. 699, 714, 214 P.3d 181 (2009).

Burden argues his possession of the handgun on the Snapchat video was only fleeting; therefore, it does not amount to actual possession for RCW 9.41.040(1)(a) purposes. Assuming without deciding that fleeting possession is a defense to an unlawful possession of a firearm charge,[1] Burden recorded himself and posted on social media a video of him holding a handgun, pointing the gun at the camera, and simulating firing it. He coincides his simulated firing of the gun with the sounds of gunfire from the music in the background. Burden continues to record

---

[1] *See State v. Houfmuse*, No. 34394-4-III, slip op. at 25 (Wash. Ct. App. Sept. 5, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/343944_unp.pdf ("our state high court has never adopted fleeting possession as a defense to a firearm possession charge.")

himself smoking marijuana and then pans to the handgun sitting on the couch's armrest next to him.

Contrary to Burden's arguments, he did not have passing or fleeting control of the handgun; rather, he had deliberate, physical control of the gun. This is sufficient to show actual possession. *Reichert*, 158 Wn. App. at 390. Viewing the evidence in the light most favorable to the State, any rational trier of fact could find all the elements of unlawful possession of a firearm in the first degree.

Because sufficient evidence exists that Burden had actual possession of a firearm, we need not address his arguments regarding constructive possession.

CONCLUSION

We affirm Burden's unlawful possession of a firearm in the first degree conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Worswick, P.J.

Price, J.

4